10-3733-ag
Jin v. Holder

BIA
Nelson, IJ
A088 775 717

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> *Circuit Judges.*

_____

XUE FENG JIN,
> *Petitioner,*

> v.                                            10-3733-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lewis Hu, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Jamie E. Grimes, Senior Litigation Counsel; Walter Bocchini, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part.

Petitioner, Xue Feng Jin, a native and citizen of China, seeks review of an August 20, 2010, decision of the BIA affirming the October 30, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Feng Jin*, No. A088 775 717 (B.I.A. Aug. 20, 2010), *aff'g* No. A088 775 717 (Immig. Ct. N.Y. City Oct. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As an initial matter, we lack jurisdiction to review the agency's pretermission of Jin's asylum application as untimely

2

because Jin challenges only the IJ's factual findings regarding when he arrived in the United States. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326-29 (2d Cir. 2006) (holding that a question of law is *not* implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding"). Thus, we dismiss Jin's petition for review with respect to his asylum claim.

In addition, we deny the petition to the extent it challenges the agency's denial of CAT relief. The agency reasonably determined that Jin failed to establish that he faced a clear probability of torture upon return to China because he did not present any particularized evidence that he would be singled out for torture, or that those who support the separation of the Yanbian region from China or provide assistance to North Korean refugees in China generally face torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

However, with respect to Jin's application for withholding of removal, the agency erred by failing to properly address whether the harm Jin claims to face upon return to China is on account of his political opinion. In

3

*Jin Jin Long v. Holder*, 620 F.3d 162 (2d Cir. 2010), we remanded a petition (Dkt. No. 09-3472-ag) to the BIA for further consideration of the petitioner's claim that he was persecuted on account of his political opinion when he was arrested, detained, and beaten for providing assistance to North Korean refugees who had illegally entered China. In doing so, we noted that, in addition to the petitioner's prolonged detention and physical abuse, he was never formally charged with a crime or brought before a judge. *Jin Jin Long*, 620 F.3d at 167. We further noted that although the petitioner's motivation in providing the assistance was "humanitarian" and "charitable," rather than overtly political, "a government might construe violation of a law as opposition or resistance to the law's underlying policy, and punish it accordingly." *Id.* We therefore remanded to the BIA to consider "whether there is a law barring assistance to North Koreans, and (whether there is or not) in what circumstances persecution of those who assist North Korean refugees would constitute persecution on account of a protected ground." *Id.* at 168.

4

We find that remand is warranted for similar reasons in the present case. Like the aforementioned petitioner in *Jin Jin Long*, Jin's actions – joining an illegal organization that promoted the reunification of the Yanbian region of China with Korea, distributing flyers claiming that the Yanbian region was part of Korea, and providing transportation and other assistance to North Korean refugees out of the Yanbian region – suggested a political opinion in opposition to the Chinese government, particularly given that Jin testified that he knew that his actions were in violation of Chinese law. *See Jin Jin Long*, 620 F.3d at 162. In addition, contrary to the IJ's assertion that Jin was charged with violating a general law criminalizing smuggling, the record indicates that Jin was charged with a crime specific to promoting the return of the Yanbian region to Korea and helping North Korean refugees as opposed to illegal immigrants in general. Moreover, as in *Jin Jin Long*, the background evidence states "that the North Korean refugee issue is politically charged," 620 F.3d at 167.

We note that, in *Jin Jin Long*, we denied the consolidated petition for review (Dkt. No. 09-3694-ag), finding that: (1) the petitioner failed to exhaust, and

5

forfeited before this Court, any argument that the Chinese government imputed a political opinion to him; (2) he did not have any encounter with the Chinese authorities; and (3) he was acting out of "family loyalty" by offering aid to his North Korean uncle, aunt, and cousins. 620 F.3d at 168. However, Jin's case is distinguishable because he: (1) claimed that he was persecuted on account of his political opinion; (2) testified that he knew his conduct was illegal before he joined the Yanbian Korean Association; and (3) provided assistance to non-relatives out of a motivation to support the return of the Yanbian region and to help North Korean refugees. *Cf. Jin Jin Long*, 620 F.3d at 168.

Thus, because the agency failed to properly analyze whether the harm Jin fears is on account of his political opinion and more specifically whether the prosecution he claims to face would be a pretext for persecution on account of his political opinion, remand is appropriate to allow the agency to determine whether it is more likely than not that Jin's life or freedom would be threatened on account of his real or imputed political opinion if he were removed to China. *See Jin Jin Long*, 620 F.3d 166-68.

Earlier this year we remanded a similar petition to the BIA in *Xiong Jin v. Holder*, No. 10-3543 (2d Cir. Jan. 3, 2012). As more fully explained in the summary order in that case, remand is required in this case for similar reasons.

For the foregoing reasons, the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7